## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN CERVANTES, | ) | 3:11-cv-00242-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| | ) | |
| EMERALD CASCADE RESTAURANT | ) | |
| SYSTEMS, INC., d.b.a., JACK-IN- | ) | |
| THE-BOX, INC., a Foreign Corporation, | ) | |
| | ) | October 24, 2012 |
| Defendant. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:        LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendant's motion in limine to exclude evidence of alleged statement regarding flying of American flag on September 11 (#44). Plaintiff opposed (#48).

Defendant asks this court for a ruling in limine prohibiting plaintiff from producing evidence of an alleged statement from plaintiff's manager at Jack-in-the-Box. In plaintiff's declaration attached to his opposition to defendant's motion for summary judgment (#24),[1] plaintiff states:

> On September 11, 2008, [his immediate manager] had not raised the American flag on the pole outside. I complained to her that that was wrong, especially in a town housing a Naval facility. She said, "We can't raise the Mexican flag, so why fly that one" (#24, Ex. 2, p. 2).

Defendant contends that plaintiff's alleged complaint about the American flag not being raised on September 11, 2008, and his manager's alleged response, is irrelevant to plaintiff's only remaining claim (discrimination based on race and/or national origin). Defendant contends the statement is unrelated to the issue in this case, i.e., whether defendant intentionally discriminated

---

[1] Refers to the court's docket numbers.

against plaintiff with respect to the terms and conditions of his employment. Defendant also asserts that such evidence is unfairly prejudicial and may be distracting to the jury (#44, p. 2).

Plaintiff argues that his manager's refusal to fly the American flag was a "dig" at plaintiff's race and national origin; and constitutes direct evidence of defendant's discriminatory intent and the "hostility or abuse" plaintiff suffered as a result of this discriminatory intent (#48, pp. 1-2). Plaintiff also argues that any undue prejudice to defendant can be cured with a limiting instruction. *Id.* at 2.

The court finds that the manager's statement about the American flag is unrelated to the issue of whether plaintiff suffered an adverse employment action because of his race or national origin. Thus, the statement is irrelevant to plaintiff's remaining claim. *See* Fed.R.Evid. 402. Further, the introduction of such evidence could be unduly prejudicial to defendant and/or confuse the issues. *See* Fed.R.Evid. 403.

Accordingly, defendant's motion in limine to exclude evidence of alleged statement regarding flying of American flag on September 11 (#44) is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                                By:          /s/
                                                     Deputy Clerk