**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN CERVANTES, | ) | 3:11-cv-00242-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| | ) | |
| EMERALD CASCADE RESTAURANT SYSTEMS, INC., d.b.a., JACK-IN-THE-BOX, INC., a Foreign Corporation, | ) ) ) | |
| | ) | October 24, 2012 |
| Defendant. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:         LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendant's motion in limine to exclude evidence of defendant's net worth until after plaintiff proves a prima facie case for punitive damages (#45). Plaintiff did not oppose the motion.

Defendant asks this court for a ruling in limine prohibiting plaintiff from producing evidence of defendant's net worth until plaintiff has established at least a prima facie case for punitive damages at trial. Defendant contends that such evidence is irrelevant until plaintiff establishes a prima facie case for punitive damages; and that prior to such time, evidence of defendant's net worth would be unfairly prejudicial and distracting to the jury.

The court agrees. Evidence of defendant's net worth is not relevant unless and until plaintiff establishes a potential legal entitlement to punitive damages. *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 872 (9th Cir. 1985). Permitting the jury to consider evidence as to defendant's considerable net worth before this evidence becomes relevant could be unduly prejudicial to defendant and/or confuse the issues. *See* Fed.R.Evid. 403.

Accordingly, defendant's motion in limine to exclude evidence of defendant's net worth until after plaintiff proves a prima facie case for punitive damages (#45) is hereby **GRANTED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
　　　Deputy Clerk