UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN CERVANTES,

          Plaintiff,

  v.

EMERALD CASCADE RESTAURANT SYSTEMS, INC., d.b.a., JACK-IN-THE-BOX, INC.,

          Defendant.

3:11-cv-00242-VPC

**ORDER**

    Before the court is the motion of the defendant Emerald Cascade Restaurant Systems, Inc. d.b.a. Jack-in-the-Box ("defendant") for a renewed order reducing the jury's punitive damages award pursuant to Fed. R. Civ. P. 59(e) (ECF No. 97). Plaintiff John Cervantes ("plaintiff") opposed the motion (ECF No. 103), and defendant replied (ECF No. 105). Plaintiff also filed a motion to increase award (ECF No. 104), defendant opposed the motion (ECF No. 106), and plaintiff replied (ECF No. 109).

## I.    PROCEDURAL HISTORY

    This is a punitive damages case concerning nominal compensatory damages brought by an employee who claimed race discrimination. The case went to trial before a jury on November 19, 2012, the jury reached a verdict in favor of the plaintiff, and it found that the plaintiff's origin and/or race were the sole reason and/or motivating factor for the defendant to deny plaintiff training, deny him promotions and/or terminate his employment. (ECF No. 61.) The jury awarded plaintiff $53.98 in compensatory damages for emotional distress and $500,000 in punitive damages. (*Id.*) Defendant subsequently moved for the reduction of the punitive damages award, which plaintiff opposed. (ECF Nos. 65, 68, 70.) On March 8, 2013, the court granted the defendant's

1 motion thereby reducing the punitive damages award to $5,398.00. (ECF No. 74.) This court
2 reasoned that the punitive damages award was excessive in light of *BMW of North America, Inc. v.*
3 *Gore*, 517 U.S. 559, (1996). Specifically, this court concluded that because the defendant's conduct
4 did not remotely approach the level of misconduct warranting an award of $299,946.02, the award
5 was reduced to an amount that was still "sufficient to deter the [defendant] from engaging in similar
6 conduct in the future." (ECF No. 74 at 19 (citing *Mendez v. Cnty of San Bernadino*, 540 F.3d 1109
7 (9th Cir. 2008).)

8 On March 29, 2013, the plaintiff filed a Notice of Appeal (ECF No. 78) challenging a
9 number of the court's decisions, namely the order granting defendant's motion to reduce punitive
10 damages. (ECF No. 74.) On March 17, 2016, the Ninth Circuit issued a memorandum decision
11 which remanded the case for further consideration of the punitive damages award in light of the
12 Ninth Circuit's intervening decision in *Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014) (en
13 banc). (ECF No. 89.)

14 Because the parties are more than familiar with the facts of this case, they will not be
15 repeated here.[1]

### II. DISCUSSION

**A. Relevant Law**

Any punitive damages award must comport with the principles of due process, which prohibit the awarding of excessive punitive damages awards. *Gore*, 517 U.S. at 559. Three guideposts determine a review of a punitive damages award: (1) the degree of reprehensibility [of the conduct at issue]; (2) the disparity between the harm suffered and the punitive damages award; and (3) the difference between the remedy and the civil penalties authorized or imposed in similar cases. *Id.* at 574-75.

This court applied the *Gore* analysis in deciding its previous order to reduce punitive damages. (*See* ECF No. 74 at 12.) Since that time, the Ninth Circuit has decided a new case,

---

[1] For an in-depth discussion of the facts *see* ECF No. 74 at 1-12.

*Arizona v. ASARCO, LLC*, which modified the traditional *Gore* analysis when dealing with cases involving an award of nominal and punitive damages. *See ASARCO*, 773 F.3d at 1050. Specifically, when assessing the amount to award in punitive damages in a case in which nominal damages have been awarded, the Court considers the following two factors: (1) the degree of reprehensibility of the defendant's conduct; and (2) the difference between the punitive damages award and the civil penalties authorized or imposed in comparable cases. *See id.* at 574-75.

The Court also noted that:

> An exacting *Gore* review, applying the three guideposts rigorously, may be appropriate when reviewing a common law punitive damages award. However, when a punitive damages award arises from a robust statutory regime, the rigid application of the *Gore* guideposts is less necessary or appropriate. Thus, the more relevant first consideration is the statute itself, through which the legislature has spoken explicitly on the proper scope of punitive damages. In some instances, a statute may leave gaps, or room, for the common law to shape the scope of punitive damages awards, within the boundaries of due process.

*ASARCO*, 773 F.3d at 1056–1058.

In *ASARCO*, the court reviewed the *Gore* guideposts but noted that they were not to be applied rigorously where a punitive damages award arose from a robust statutory scheme like § 1981a. The court further opined that (1) the ratio analysis in *Gore* has little applicability in the Title VII context because § 1981a governs punitive damages and (2) punitive damages awards conferred under § 1981a comport with due process. *Id.* at 1050.

Thus, in this case, the analysis for recovery of punitive damages is based on § 1981a itself which provides: "A complaining party may recover punitive damages under this section against a respondent if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). The "terms 'malice' and 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

**B.     Analysis**

Applying *ASARCO*, the analysis and final conclusion of this court's previous order to reduce punitive damages remains the same. Based upon the parties' previous briefs regarding this issue, this court decided that there was no evidence that the defendant acted with malice or reckless indifference. (ECF No. 74 at 16, 18.) Specifically it was noted that:

> The economic harm defendant inflicted on plaintiff amounted in $53.98, a nominal amount. There is no evidence of any conduct by defendant that evinced reckless disregard or the health and safety o[f] plaintiff or others. Plaintiff was not financially vulnerable, and the harm was not the result of intentional malice, trickery or deceit. Even taking the evidence in the light most favorable to the plaintiff as it concerns whether defendant's conduct involved repeated actions or otherwise, the conduct complained of does not remotely approach reprehensibility.

(*Id.* at 16.) Based upon current briefs of the issue, the court again finds that there was no evidence of malice or reckless indifference to support the jury's punitive damages award.

As defendant points out, in the most egregious Title VII cases a plaintiff cannot recover any more than $300,000. (*See* ECF No. 97 at 19.) This is not the most egregious of cases. There was no evidence in this case that the defendant acted with malice or reckless disregard, that the conduct evinced reckless disregard of plaintiff's health or safety, or that plaintiff was financially vulnerable. Here, the conduct alleged involved a single plaintiff over a six-month period of employment during which plaintiff's primary complaints to management included discrimination, lack of training, lack of respect, and lack of bonuses to which he was not entitled. The evidence simply does not justify the $300,000 sought by the plaintiff, let alone the astounding award of $500,000 in punitive damages awarded by the jury.

Based on this court's prior analysis of this issue, $5,398.00 was determined to be a reasonable punitive damages award. Applying *ASARCO*, a reduced amount of $5,398 in punitive damages remains appropriate here.

-4-

### III.   CONCLUSION

In light of the foregoing, the court hereby **GRANTS** defendant's renewed motion to reduce punitive damages (ECF No. 97) and **DENIES** plaintiff's motion to increase award (ECF No. 104). The punitive damages award in this matter is reduced to $5,398.00.

**IT IS SO ORDERED.**

**DATED:** August 30, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**